OPINION OF THE COURT
William D. Friedmann, J.
Claimant seeks recovery of $1,500, the jurisdictional maximum of small claims (CCA 1801), covering a larger sum of $1,630 (one-month rental and one-month security), which was deposited with defendants, under an apartment lease application and two rider agreements. The lease was never executed.
Plaintiff contended at trial that she withdrew, or canceled her offer to rent the apartment in question, pursuant to the “Apartment Lease Application” and two rider agreements, before she received notice of her acceptance as a proposed tenant by defendants. Plaintiff further contended, based upon the trial record, that defendants did not prove any actual damage arising from her failure to execute the lease as requested, since the alleged breach occurred only two days after she made her deposit and completed her lease application.
*907 Defendants, on the other hand, by defense and setoff, contended that a fatal jurisdictional and procedural defect existed at the commencement of this small claims proceeding in that some of the apartment lease application documentation was signed by both claimant and Donald Perkins (claimant’s spouse). Specifically, that this small claims action was brought solely in claimant’s name and further that after notification of acceptance, claimant’s cancellation caused defendants’ rental loss ($760.16) and legal and litigation expense ($250).
THE FACTS
The trial record indicates that claimant executed a one-page “Apartment Lease Application,” on the renting agents’ form, requiring background and financial information about claimant and her spouse, Donald Perkins. Typed on the face of the application, directly across from claimant’s signature, was the legend: “A minimum $25 Administrative Fee Will Be Charged If Application Is Cancelled by Either Party.”
Three days thereafter, claimant delivered a bank check, dated August 24,1982, in the amount of $1,630, payable to Lowell Holding Corp. (landlord-owner). It represented one month’s rent and one month’s security as required under the proposed lease.
An undated short writing executed by claimant, Donald Perkins, and defendant Zager (managing agent), on behalf of defendant Lowell, accepting the deposit, in relevant part stated: “Tenant agrees to sign lease within five (5) days after notice in any form to do so by landlord or its agent. If said lease is not signed, landlord and/or its agent may consider this application withdrawn by the prospective tenant, and the deposit will be retained by the landlord’s agent as liquidated damages to defray costs”. An additional writing, with the date August 24, 1982, executed by claimant, Donald Perkins, and Zager as President of Lowell Holding Corp., stated in relevant part: “It is understood and agreed that regarding apartment 3-G the applicants have 2nd choice to rent the apartment since there is an application for the apartment which preceded this one. In the event the first applicant does not rent the apartment, these applicants agree to rent the apartment”.
*908 Two days later, on August 26, 1982, landlord sent a notice to claimant at her Fairfield, Connecticut, address (address designated in the application), advising her: “Please be informed that the first applicant for apartment 3-G has decided not to rent the apartment. Therefore, in accordance with our agreement, you will rent the apartment. Please contact us for an appointment to sign the lease.”
On the following day, August 27, 1982, claimant’s attorney telephoned defendant Zager’s business office and confirmed the call that day with a hand-delivered letter, withdrawing claimant’s application and requesting the return of her deposit. It is conceded that defendant Lowell is still holding claimant’s funds.
JOINDER OF PARTIES IN SMALL CLAIMS PRACTICE
Defendants’ contention that the nonjoinder of claimant’s husband as a small claims party, “is improper in law and in violation of the jurisdiction of this court” must be examined in the context of the relevant provisions of the New York City Civil Court Act (art 18 — small claims), Rules of the Civil Court of the City of New York (22 NYCRR 2900.33 — small claims procedure) and CPLR 1001-1003 (joinder of parties).
As to jurisdiction — claimant’s cause of action is for a sum of money not in excess of $1,500 and the defendant has an office for the transaction of business within the City of New York. These elements satisfy CCA 1801, which defines the jurisdictional requirements of a small claim.
As to the impropriety of joinder, the provisions of the New York City Civil Court Act and the Civil Court rules dealing with small claims do not expressly restrict the institution of a small claims action by jointly interested parties. However, examination of CCA 1803, dealing with commencement of a small claim, speaks consistently of claimant in the singular, leading this court to conclude that the legislative enactment was intended to preclude claims by joint claimants.
Among various entities expressly barred from small claims is an assignee of any small claims action (CCA 1809). However, this doesn’t seem to this court to constitute a preclusion where a claimant is entitled in his or her *909 own right to bring an action, and assigned such rights to some other person in a jointly based transaction or occurrence. (Claimant here testified that she was so authorized to represent her spouse.)
It would appear, as applied to the facts herein, that claimant has properly brought this proceeding, and that complete relief can be accorded between claimant and defendants without the necessary joinder of her husband (CPLR 1001-1003). This court holds that joinder of claimant’s spouse was permissive (CPLR 1002) and not mandatory (CPLR 1001).
Claimant alone signed the “Apartment Lease Application” and made the deposit. In fact, defendants clearly recognized that claimant’s spouse was unnecessary to their contention of liability and damage, as their notice of acceptance (Aug. 26,1982) was addressed solely to claimant and speaks in the singular. It is upon this document that defendants place their major reliance.
If defendants felt threatened by the nonjoinder of claimant’s husband as a small claims party, they could have, at any time after the filing of the claim, impleaded him to assure his involvement and joint liability with respect to any defensive setoff against the deposit being held by defendant Lowell (22 NYCRR 2900.33 [h]).
claimant’s right of cancellation
After reviewing the facts of the case and the settled principles of law, this court finds that notice of acceptance arrived after the cancellation call, and the hand-delivered confirmation was not legally effective.
defendants’ right to damages
The decision of the Appellate Term vacating defendants’ default herein (calendar No. 83-218 — March, 1983 Term), correctly notes that defendants would have a meritorious defense herein if they can show actual damages arising from claimant’s failure to execute a lease pursuant to her lease application (Ainsworth v Putnam Realty Co., NYLJ, Nov. 26, 1980, p 6, col 2).
Any such determination of damage would, of course, have to abide a preliminary finding of contractual liability. *910 Having found that claimant’s cancellation was given before the effectiveness of landlord-owner’s notice of acceptance, no contractual liability is found to exist between the parties, giving rise to damages, other than that provided for in the minimum liquidation clause ($25) in the “Apartment Lease Application.”
However, it should be noted that even if the above finding as to liability had not been determined, that the trial record is threadbare of any documentation or records to supplement the testimony of defendant Zager, who is also president of Lowell, as to the consequential damages suffered by Lowell as a result of claimant’s cancellation which occurred within three days of her completing the application work and making the deposit. The entire time between the completion of the application and the giving of the deposit and acceptance and cancellation was only three days or four days, and between the application form and cancellation, only six days. How much reliance could landlord have placed upon claimant’s projected tenancy? What actual damage could landlord have suffered? This court concludes — very little, if any.
It should be further noted that defendants presented no evidence concerning the original tenant applicant’s withdrawal or cancellation, from apartment 3-G, which event triggered claimant’s secondary right of acceptance. Such evidence could have shed light on the extent of defendant Lowell’s damage, if any, as a result of the nonrenting of apartment 3-G.
CONCLUSIONS
This court has jurisdiction of this claim which is properly brought pursuant to CCA article 18 (1801) and 22 NYCRR 2900.33.
Judgment of $1,475 is awarded claimant against Lowell Holding Corp.
The claim is dismissed against the managing agent Daniel Zager, doing business as Putnam Realty Co.